IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| ROMA WAREHOUSE, INC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO.: 7:22-cv-00166 |
| | § | |
| EVANSTON INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

### DEFENDANT'S NOTICE OF REMOVAL

Defendant Evanston Insurance Company ("Defendant" or "Evanston") by and through its undersigned counsel, hereby files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. This Court has original jurisdiction over this action pursuant to § 1332 because: (a) there is complete diversity of citizenship between Plaintiff and Defendant; and (b) the amount in controversy exceeds $75,000, exclusive of interest and costs. In support of this Notice, Evanston respectfully states as follows:

## I.
### BACKGROUND AND PROCEDURAL HISTORY

1.　Plaintiff commenced this civil action on March 29, 2022, by filing Plaintiff's Original Petition ("Original Petition") in the 381st Judicial District Court of Starr County, Texas, Cause No. DC-22-151 ("State Court Action").

2.　The Original Petition named Evanston Insurance Company and Sedgwick Insurance Company as defendants. Sedgwick was dismissed from this lawsuit by an Order Granting Notice of Nonsuit of Sedgwick Insurance Company entered on May 9, 2022. Evanston, the sole remaining defendant in this lawsuit, has not been formally served with process in the State Court Action. For purposes of this Notice of Removal, Evanston is accepting a service date of

May 11, 2022, the date that the Texas Department of Insurance attempted to send a letter to Evanston indicating that Service of Process had been requested through the Commissioner of Insurance. *See Exhibit A-11, attached hereto.* Defendant notes that to date it has not actually received the letter via mail from the Department of Insurance, as the letter contains an incorrect address for Defendant.[1] However, Defendant's counsel obtained the letter directly from the Commissioner of Insurance, and Defendant is accepting the letter and petition as served effective May 11, 2022. Furthermore, on May 23, 2022, counsel for Plaintiff and Evanston entered into an enforceable Rule 11 Agreement setting the date that service was effected on Evanston as May 11, 2022.[2]

3.  Defendant files this Notice of Removal within the 30-day period required by 28 U.S.C. Section 1446(b)(2)(B).

4.  Venue is proper in this District under 28 U.S.C. § 1441(a) because the state court where the action is pending – *i.e.*, 381st Judicial District Court of Starr County, Texas – is located in this district.

## II.
## BASIS FOR REMOVAL

5.  Section 1332(a) permits removal of state court actions to federal district courts where: (1) complete diversity of citizenship exists between the parties; and (2) the amount in controversy exceeds $75,000. This action satisfies both conditions.

**A.  Removal is Proper Because Complete Diversity of Citizenship Exists Between Plaintiffs and Defendant**

6.  Plaintiff is a Texas corporation located at 1909 US 83, Roma, Texas 78584. Per Plaintiff's Original Petition filed in State Court, "Plaintiff is a legal entity that owns property in

---

[1] Tracking information from the United States Postal Service indicating that the letter in question was returned to the sender on May 19, 2022, is attached as Exhibit A-12.
[2] See Rule 11 Agreement between counsel attached as Exhibit A-13.

Starr County, Texas."

7. Defendant Evanston Insurance Company is a corporation organized under the laws of the State of Illinois with its principal place of business located at 10275 W. Higgins Road, Suite 750, Rosemont, IL 60018.

8. Because Plaintiff is a Texas corporation with its principal place of business in Texas, and Defendant is a citizen of Illinois with its principal place of business in Illinois, complete diversity of citizenship exists now and on the date Plaintiff filed this lawsuit.

B. **Removal is Proper Because Plaintiff's Claimed Damages Exceed This Court's Jurisdictional Threshold of $75,000**

9. In order for district courts to have original jurisdiction, the matter in controversy must exceed the sum of $75,000, exclusive of interests and costs.[3]

10. When a sufficient amount in controversy is not apparent from the pleadings, the removing party must establish by a preponderance of the evidence that the jurisdictional amount is met.[4] A party can prove up the amount by setting forth summary-judgment-type evidence of facts in controversy that support a finding of the requisite amount.[5] Demand letters and estimates of damages from the claimant are sufficient to establish the amount in controversy according to this standard.[6]

11. Here, Plaintiff submitted a pre-suit notice/demand letter on July 22, 2021 specifically demanding $408,047.79 and alleging that the property damage that is the subject of

---

[3] 18 U.S.C. § 1332(a).
[4] *Jackson v. Allstate Vehicle & Prop. Ins. Co.*, No. 4:17-CV-153-A, 2017 WL 1327763, at *1 (N.D. Tex. Apr. 10, 2017) (citing *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)).
[5] *Id.*
[6] *Rios v. Liberty Mut. Fire Ins. Co.,* DR-16-CV-0031-AM-VRG, 2017 WL 3274456, at *4 (W.D. Tex. Jan. 18, 2017); *Victor Gloria v. Allstate Vehicle and Property Insurance Company*, No. 5:18-CV-00073, 2018 WL 8807403, at *2 (S.D. Tex. Dec. 30, 2018); *Wilson v. Allstate Ins. Co*., No. 416CV00970ALMCAN, 2017 WL 1097213, at *3 (E.D. Tex. Mar. 3, 2017), *report and recommendation adopted*, No. 4:16-CV-970, 2017 WL 1079533 (E.D. Tex. Mar. 22, 2017).

this matter is up to $355,500.24.[7] As this amount is in excess of $75,000, a sufficient amount in controversy under the statute exists in this case.

## III.
## COMPLIANCE WITH 28 U.S.C. § 1446 AND L.R. 81.1

12. As required by 28 U.S.C. Section 1446(a) and Local Rule 81.1, a copy of each of the following are attached to (or filed with) this Notice of Removal:

    a. An index of matters being filed, attached hereto as ***Exhibit A***;

    b. The state court docket sheet, attached hereto as ***Exhibit A-1***;

    c. All executed process in the case, attached hereto as ***Exhibit A-2***;

    d. Plaintiff's Original Petition, attached hereto as ***Exhibit A-3***;

    e. Plaintiff's letter to Court to file petition, request for a jury and preparation of two citations to be served by certified mail RRR, attached hereto as ***Exhibit A-4***;

    f. Rule 11 Agreement regarding Plaintiff's agreement to nonsuit Defendant Sedgwick, attached hereto as ***Exhibit A-5***;

    g. Plaintiff's Pre-suit Notice Letter, dated July 22, 2021, attached hereto as ***Exhibit A-6***;

    h. Plaintiff's Notice of Nonsuit of Defendant Sedgwick Insurance Company, attached hereto as ***Exhibit A-7***;

    i. Court's Order Granting Notice of Nonsuit of Sedgwick Insurance Company entered on May 9, 2022, as ***Exhibit A-8***;

    j. Defendant Evanston Insurance Company's Original Answer to Plaintiff's Original Petition, attached hereto as ***Exhibit A-9***; and

    k. A list of all counsel of record, including addresses, telephone numbers and parties represented, attached hereto as ***Exhibit A-10***;

    l. Letter from Texas Department of Insurance dated May 11, 2022, indicating that Service of Process on Evanston had been requested through the Commissioner of Insurance, attached hereto as ***Exhibit A-11***;

---

[7] Pre-suit Notice Letter, dated July 22, 2021, attached as Exhibit A-6.

  m. Tracking information from the United States Postal Service indicating that the May 11, 2022, letter was returned to the sender on May 19, 2022, attached hereto as ***Exhibit A-12***; and

  n. Rule 11 Agreement between counsel for Plaintiff and Evanston setting date of service on Evanston as May 11, 2022, attached hereto as ***Exhibit A-13***.

13. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice will be given to all adverse parties promptly after the filing of this Notice, and Evanston will promptly file a copy of this Notice of Removal with the clerk of the state court where the action is pending.

14. WHEREFORE, Defendant Evanston Insurance Company hereby provides notice that this action is duly removed from the 381st Judicial District Court of Starr County, Texas, to the United States District Court for the Southern District of Texas, McAllen Division, and respectfully requests that this Court enter such further orders as may be necessary and appropriate.

     Respectfully submitted,

     By: */s/ Todd M. Tippett*
      Todd M. Tippett
      Attorney-in-Charge
      State Bar No. 24046977
      Southern Member No. 573544
      ttippett@zelle.com

     **ZELLE LLP**
     901 Main Street, Suite 4000
     Dallas, TX  75202-3975
     Telephone: 214-742-3000
     Facsimile: 214-760-8994

     **ATTORNEYS FOR DEFENDANT**
     **EVANSTON INSURANCE COMPANY**

**OF COUNSEL:**
Brandt R. Johnson
Texas Bar No. 00794030
Southern Member No. 369893
bjohnson@zelle.com
**ZELLE LLP**
901 Main Street, Suite 4000
Dallas, TX  75202-3975
Telephone:    214-742-3000
Facsimile:    214-760-8994

**ATTORNEYS FOR DEFENDANT
EVANSTON INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

This is to certify that on May 25, 2022, a true and correct copy of the foregoing document was delivered to all known counsel of record in accordance with the Federal Rules of Civil Procedure as follows:

Larry W. Lawrence, Jr.
Michael Lawrence
lawrencefirm@gmail.com
Celeste Guerra
Celesteguerralaw2017@gmail.com
LAWRENCE LAW FIRM
3112 Windsor Road, Suite A234
Austin, TX  78703
Telephone:    956-994-0057
Facsimile:    800-507-4152
***Attorneys for Plaintiff Roma Warehouse, Inc.***

　　　　　　　　　　　　　　　　　　　　*/s/ Todd M. Tippett*
　　　　　　　　　　　　　　　　　　　　Todd M. Tippett